UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MARY MCELHANON**, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>**SALVATION ARMY**,<br><br>Defendant. | Case No. 4:18-cv-1457 |

# COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff MARY MCELHANON, individually and on behalf of all others similarly situated, by and through her attorneys of SANFORD LAW FIRM, PLLC, and JTB LAW GROUP, LLC, and she hereby brings this Collective Action Complaint against Defendant SALVATION ARMY, and she states as follows:

## INTRODUCTION

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff MARY MCELHANON (hereinafter referred to as "Plaintiff") individually and on behalf of all similarly situated persons employed by Defendant SALVATION ARMY (hereinafter referred to as "Defendant"), arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Defendant is an international charitable organization structured in a quasi-military fashion, which provides charity shops, operating shelters for the homeless and disaster relief and humanitarian aid to developing countries.

3. Plaintiff and similarly situated hourly-paid, on-site Directors employed by Defendant were victims of Defendant's common unlawful policies in violation of the FLSA,

including:

a. Prohibiting On-Site Directors from reporting work hours in excess of forty (40) in a workweek, thus forcing them to work off the clock and depriving them of overtime compensation for time spent performing duties such as routine office work and responding to tenants' building-maintenance issues; and

b. Calculating On-Site Directors' overtime rates of pay without factoring in the value of the housing they receive from Defendant as part of their compensation. *See* 29 C.F.R. § 778.116 ("Where…an employer furnishes lodging to his employees in addition to cash wages the reasonable cost or the fair value of the lodging (per week) must be added to the cash wages before the regular rate is determined.").

4. As a result, there were many weeks in which Plaintiff and other putative Collective members did not receive compensation calculated at time-and-a-half (1.5) of their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

5. Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all other similarly situated hourly-paid, on-site Directors employed by Defendant in the United States the applicable time period, and seek unpaid minimum and overtime wages, in addition to liquidated damages, fees and costs, and any other remedies to which they may be entitled.

## **JURISDICTION AND VENUE**

6. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

7. The Court has personal jurisdiction over Defendant because it is conducted

business in Texas, and has significant contacts with Texas that are related to Plaintiff's claims as well as the claims of the putative Collective, including employing Texas residents, including Plaintiff, to work in Texas.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (3) because Defendant employed Plaintiff in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

9. Plaintiff is a resident of Houston and has been employed by Defendant as an on-site Director at the William Booth Garden Apartments in Houston from approximately 1999 to present. Plaintiff signed a consent form to join this lawsuit, which is attached as ***Exhibit 1***.

10. Defendant is a Georgia nonprofit corporation registered in Texas. Defendant's principal business address is 1424 Northeast Expressway, Brookhaven, Georgia 30329, and it has a registered agent in Texas located at 1221 River Bend Drive, Dallas Texas 75247

## FACTUAL ALLEGATIONS

**FLSA Coverage**

11. The FLSA applies in this case on an enterprise basis.

12. Defendant's annual gross volume of sales made or business done is not less than $500,000.

13. Defendant had employees engaged in commerce or in the production of goods for commerce, and has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

**Defendant's Employment of Hourly-Paid On-Site Directors**

14. Defendant has employed and continues to employ hourly-paid, on-site Directors.

15. Plaintiff's and other hourly-paid, on-site Directors' job duties included monitoring the day-to-day operations of HUD housing projects and ensuring the projects were operating in according with HUD policies and procedures and providing on-site building maintenance support.

16. For a period of time, Directors were classified as salaried employees and were not paid overtime.

17. In approximately February of 2016, on-site Directors were reclassified as hourly-paid, non-exempt employees.

18. Since being reclassified to hourly-paid employees, hourly-paid on-site Directors have not been compensated on a "salary basis" for purposes of 29 CFR § 541.602.

19. After reclassifying the positon, Defendant was obligated to pay on-site Directors overtime compensation.

20. Since being reclassified to hourly-paid employees on-site Directors have not received a guaranteed minimum weekly salary.

21. Since being reclassified to hourly-paid employees, Plaintiff and other hourly-paid on-site Directors have received overtime compensation for some of their overtime hours during which they are clocked in, strictly calculated at 1.5 of their hourly rate without factoring in the value of the housing they were provided as compensation.

**Defendant's Unlawful Pay Policies**

22. Since reclassifying on-site Directors to hourly-paid employees, Defendant has prohibited on-site Directors from being clocked in for more than forty (40) hours in a workweek.

23. As a result, Plaintiff and other hourly-paid on-site Directors regularly performed work off-the-clock and in excess of forty (40) hours in a workweek, including their normal routine

office duties as well as responding to tenants' building-maintenance issues.

24. Defendant knows that the on-site Directors' workload takes more than forty (40) hours to complete, but rarely, if ever permits them to record overtime hours.

25. Defendant failed to pay Plaintiff and other hourly-paid on-site Directors for overtime work performed while not clocked in.

26. To the extent Defendant did pay Plaintiff and other hourly-paid on-site Directors for overtime hours, it paid them at an improper rate.

27. The FLSA requires an employer to compensate an employee's overtime hours at "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

28. Section 7(e) of the Act requires inclusion in the "regular rate" of "all remuneration for employment paid to, or on behalf of, the employee" except payments specifically excluded by paragraphs (1) through (7) of that subsection. *See* 29 CFR § 778.108.

29. Pursuant to 29 C.F.R. § 778.116, "[w]here…an employer furnishes lodging to his employees in addition to cash wages the reasonable cost or the fair value of the lodging (per week) must be added to the cash wages before the regular rate is determined." Thus, in calculating Plaintiff's and other hourly-paid on-site Directors' overtime rates, Defendant was required to multiply 1.5 not just by their hourly rates, but also by the value of the housing it provided to them.

30. Defendant, however, calculated Plaintiff's and other hourly-paid on-site Directors' overtime rates by multiplying 1.5 times their hourly rates, and did not include the value of the housing it provided them in determining their regular rates of pay.

**Plaintiff's Employment**

31. Plaintiff has been employed by Defendant as an on-site Director from

5

approximately 1999 through present.

32. Throughout her employment with Defendant, Plaintiff worked in Houston.

33. In 2015 and prior, Defendant classified Plaintiff as exempt from overtime.

34. Defendant reclassified Plaintiff from salary-exempt to hourly-paid, overtime-eligible, in or around February of 2016.

35. Since being reclassified from salary-exempt to hourly-paid, overtime-eligible, Plaintiff has not received any guaranteed minimum weekly pay, but has instead been paid based on the amount of time she is clocked into Defendant's timekeeping system.

36. As an on-site Director, Plaintiff's duties included monitoring the day-to-day operations of HUD housing projects and ensuring the projects were operating in according with HUD policies and procedures and providing on-site building maintenance support.

37. Defendant paid Plaintiff an hourly rate of $23.90.

38. In addition to her hourly rate, Plaintiff received room and board at William Booth Garden Apartments.

39. This room and board was a form of compensation to the Plaintiff.

40. Plaintiff's regular work schedule consisted of five (5) eight (8) hour shifts, Monday through Friday.

41. Plaintiff frequently worked more than eight (8) hours in a day.

42. Plaintiff frequently worked more than forty (40) hours in a week.

43. Throughout her employment with Defendant, there were many weeks in which Plaintiff spent time in excess of forty (40) in a workweek performing while not clocked in, including her normal routine office duties as well as responding to tenants' building-maintenance issues.

44. In the limited instances in which Plaintiff was clocked in for over forty (40) hours in a workweek, Defendant paid her at an improper overtime rate, because Defendant determined her regular rate solely based on her hourly rate, without including the value of the free room at the William Booth Garden Apartments that Defendant provided to her as compensation.

45. As a result, Plaintiff was not compensated for hours worked over forty (40) at time-and-a-half of her regular rate of pay.

46. For example, for the pay period of October 2, 2017 – October 15, 2017:

    a. Plaintiff worked several hours over forty (40) in both the week October 2 – October 8, and October 9 – October 15;

    b. Plaintiff was paid for 79.48 regular hours at a rate of $23.90 per hour;

    c. Plaintiff was paid for .38 overtime hours at a rate of $35.85 per hour.

    d. Plaintiff's overtime rate was computed using 1.5 of her hourly rate of $23.90 per hour, but did not include the value of the housing she received from Defendant.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> All hourly-paid, on-site Directors who worked for Salvation Army in the United States at any time within the period of the three (3) years prior to the commencement of this action through the date of judgment.

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

48. Excluded from the proposed FLSA Collective are Defendant's employees employed in a bona fide executive, administrative, or professional capacity, or in the capacity of

7

outside salespersons, *see* 29 U.S.C. § 213(a)(1), to Defendant's employees employed in the capacity of "computer systems analyst, computer programmer, software engineer, or other similarly skilled worker," *see* 29 U.S.C. § 213(a)(17), or to Defendant's employees with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service, *see* 29 U.S.C. § 213(b)(1) and who are not entitled to overtime pay pursuant to the Safe, Accountable, Flexible, Efficient Transportation Equity Act: a Legacy for Users Technical Corrections Act of 2008 (TCA), P.L. 110-244 (June 6, 2008).

49. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The Collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

50. The employment relationships between Defendant and every FLSA Collective member are the same and differ only by name, location, and rate of pay. The key legal issues are the same for every FLSA Collective member, to wit:

    a.    Whether Defendant maintained a policy or practice of failing to pay FLSA Collective members for time spent performing routine office duties as well as responding to tenants' building-maintenance;

    b.    Whether Defendant maintained a policy or practice of failing to include the value of lodging provided to FLSA Collective members as compensation in their "regular rate," for purposes of calculating overtime pay.

    c.    Whether Defendant's violations of the FLSA were willful and/or not made in good faith.

51. Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include over 100 members. The precise number of FLSA

Collective members should be readily available from a review of Defendant's personnel and payroll records.

52. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

## COUNT I
### (Brought Collectively Pursuant to 29 U.S.C. § 216(b))
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
### FAILURE TO PAY OVERTIME

53. Plaintiff re-alleges and incorporates all previous paragraphs herein.

54. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

55. At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

56. Defendant is engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

57. At all times relevant to this action, Plaintiff and other FLSA Collective members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

58. Plaintiff and other FLSA Collective members either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

59. Defendant has had, and continues to have, an annual gross business volume in excess of $500,000.

60. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and other FLSA Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

61. At all times relevant to this action, Plaintiff and other FLSA Collective members were not exempt from the protections of the FLSA.

62. Plaintiff and other FLSA Collective Members worked many workweeks in excess of 40 hours within the last three years.

63. At all times relevant to this action, Defendant failed to pay Plaintiff and other FLSA Collective members for all hours worked in excess of 40 in a workweek, including time spent working off the clock performing routine office duties as well as responding to tenants' building-maintenance issues.

64. In workweeks where Plaintiff and other FLSA Collective members worked 40 hours or more, the time spent working off the clock should have been paid at the federally mandated rate of time-and-a-half (1.5) of each employee's regularly hourly wage, but Plaintiff and FLSA Collective members received no pay for such hours.

65. Defendant's failure to pay Plaintiff and other FLSA Collective members overtime wages was knowing and willful. Defendant knew that its policies resulting in Plaintiff and FLSA Collective members not being paid for time spent performing work off the clock, and Defendant could have properly compensated them for such work, but did not. *See* 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be commenced within three years….").

66. Defendant's failure to pay Plaintiff and other FLSA Collective members overtime was not done in good faith, or in conformity with or in reliance on any written administrative

regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

67. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

68. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

## COUNT II
### (Individual Claim)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME

69. Plaintiff re-alleges and incorporates all previous paragraphs herein.

70. Plaintiff worked many workweeks in excess of 40 hours within the last three years.

71. Defendant failed to pay Plaintiff for all hours worked in excess of 40 in a workweek, including time spent working off the clock performing routine office duties as well as responding to tenants' building-maintenance issues.

72. In workweeks where Plaintiff worked 40 hours or more, she should have been paid at the federally mandated rate of time-and-a-half (1.5) of her regularly hourly wage, but Plaintiff received no pay for such hours.

73. Defendant's failure to pay Plaintiff overtime wages was knowing and willful. Defendant knew that its policies resulting in Plaintiff not being paid for time spent working off the clock and Defendant could have properly compensated her for such work, but did not. *See* 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be

11

commenced within three years…."). 

74. Defendant's failure to pay Plaintiff overtime was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

75. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

76. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Mary McElhanon requests that a Summons be issued to Defendant and for entry of an Order granting the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Counts I and II);

b. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the Collective members of their rights by law to join and participate in this lawsuit;

c. Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

d. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective the full amount of damages and liquidated damages available by law;

e. Awarding reasonable attorneys' fees, costs, and out-of-pocket expenses incurred by

Plaintiff in this action as provided by statute;

f.  Awarding pre- and post-judgment interest to Plaintiff on these damages; and

g.  Awarding such other and further relief as this Court deems appropriate.

Dated: May 7, 2018

RESPECTFULLY SUBMITTED,

By:  /s/ Josh Sanford
Josh Sanford
**SANFORD LAW FIRM, PLLC**
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
T: +1 (501) 221-0088
F: +1 (888) 787-2040
josh@sanfordlawfirm.com

Jason T. Brown
Nicholas Conlon
**JTB LAW GROUP, LLC**
155 2nd St., Suite 4
Jersey City, NJ 07302
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Attorneys for Plaintiff*